**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

```
WILLIE MOORE AND MARTHA MOORE,    *
                                  *
     Plaintiffs,                  *
                                  *
     v.                           *       CV 120-132
                                  *
BRANDON CRAWFORD; COWBOY USA      *
EXPEDITED SERVICES, LLC;          *
EMPLOYERS MUTUAL CASUALTY         *
COMPANY; and JOHN DOES 1-10,      *
                                  *
     Defendants.                  *
```

_____

**O R D E R**

_____

Presently before the Court is Defendants Brandon Crawford, Cowboy USA Expedited Services, LLC ("Cowboy USA"), and Employers Mutual Casualty Company's motion to dismiss Plaintiffs' claim for punitive damages and their claim for attorney's fees and litigation expenses under O.C.G.A. §§ 13-6-11 and 9-15-14.

The lawsuit arises out of an accident in which a tractor-trailer truck driven by Defendant Crawford rear-ended Plaintiffs Willie Moore and Martha Moore's vehicle on Interstate 20 in McDuffie County, Georgia, resulting in a "violent collision." (Compl., Doc. No. 1, ¶¶ 8-10.)  Plaintiffs allege that Defendant Crawford was negligent and breached his duty of care by failing to maintain control of his motor vehicle; failing to use due care

while operating his motor vehicle; failing to drive his vehicle at a reasonable and prudent speed; failing to remain alert; driving too fast for conditions; failing to exercise ordinary care in the control, speed, and movements of his vehicle; following too closely; and driving while distracted. (Id. ¶ 11.) With respect to Defendant Crawford's employer, Defendant Cowboy USA, Plaintiffs allege that it is responsible under *respondeat superior* and directly through its negligent hiring, retention, and supervision of Defendant Crawford. (Id. ¶¶ 15, 17.) Finally, Plaintiffs have filed a direct action suit against Cowboy USA's insurance company, Defendant Employers Mutual Casualty Company. (Id. ¶¶ 18-21.)

As it pertains to their punitive damages claim (Count V of the Complaint), Plaintiffs allege that "[t]here are aggravating circumstances present in this case" and that Defendants Crawford and Cowboy USA acted with "a willful and wanton disregard for the safety of others" and acted "recklessly, willfully, and wantonly and demonstrated a conscious and reckless disregard for the safety of the public, including the plaintiffs." (Id. ¶ 22.) Defendants move to dismiss Plaintiffs' punitive damages claim, contending that Plaintiffs have not satisfied the pleading standard articulated in Twombly[1] and Iqbal.[2] Plaintiffs respond that the

---

[1] Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

[2] Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Complaint, when read as a whole, includes sufficient allegations to state a claim for punitive damages.

Finally, Plaintiffs assert a claim for attorney's fees and litigation expenses (Count VI of the Complaint), citing O.C.G.A. §§ 13-6-11 and 9-15-14.  Plaintiffs, however, have withdrawn this claim in response to Defendants' motion to dismiss.  (Pl.'s Mem. in Resp., Doc. No. 14, at 1, 6.)

## I.   LEGAL STANDARD

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do."  Twombly, 550 U.S. at 555.  "Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful)."  Id.  (cited sources omitted).  Thus, "[t]o survive a motion dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

a defendant has acted unlawfully." <u>Id.</u> (quoted <u>Twombly</u>, 550 U.S. at 570).

## II. DISCUSSION

Defendants argue that the allegations in support of Plaintiffs' claim for punitive damages are simply legal conclusions and as such do not satisfy the <u>Twombly</u> and <u>Iqbal</u> pleading standard. In Georgia, punitive damages may be awarded in tort actions "in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). Further, "negligence, even gross negligence, is inadequate to support a punitive damages award." <u>Lindsey v. Clinch Cnty. Glass</u>, 718 S.E.2d 806 (Ga. Ct. App. 2011).

Entitlement to punitive damages focuses on the conduct of the tortfeasor, i.e., what "defendant's actions" show. <u>See</u> O.C.G.A. § 51-12-5.1(b). In this case, Plaintiffs contend that the factual allegations regarding Defendant Crawford's conduct (that he drove too fast, that he was not alert, that he was following too closely, that he was driving while distracted, etc.) may prove, through discovery, to be of such a reckless character that punitive damages

are warranted.[3]  The Court agrees that in viewing the Complaint in its entirety, it includes sufficient allegations to survive the motion to dismiss.   Assuming that the factual allegations of Defendant Crawford's wrongful conduct are true – as the Court must at this stage – it is plausible to infer that Defendant Crawford acted with wanton disregard for the safety of others and that his reckless behavior caused the accident.

With respect to Plaintiffs' claim for punitive damages against Defendant Cowboy USA, however, the Court is not so persuaded.   In addition to the *respondeat superior* claims, Plaintiffs contend that Defendant Cowboy USA was negligent in

---

[3]  Plaintiffs point out that they already possess additional facts not in the Complaint that would tend to show entitlement to punitive damages. (See Pls.' Resp. in Opp'n, Doc. 14, at 4.)  For instance, Plaintiffs claim they can show Defendant Crawford never applied his brakes before or immediately after the crash; that the tractor-trailer truck had defective brakes; and that the tractor-trailer truck had an audible air leak in its air brakes.  (Id.)

The Court cannot consider these factual allegations outside of the pleadings in determining whether the Complaint sufficiently states a claim for punitive damages.   Moreover, while the "additional" allegations involving Defendant Crawford's failure to brake may pertain to Defendant Crawford's conduct while driving, there are no allegations in the Complaint against any Defendant involving defective brakes.   In particular, with respect to Defendant Cowboy USA, Plaintiffs only allege that it is directly liable for negligently hiring, retaining and supervising Defendant Crawford; there are no allegations of liability for the provision of a defective tractor-trailer truck.   Accordingly, as the Complaint now stands, whether the brakes on the tractor-trailer truck were defective in any way does not appear relevant to the alleged conduct at issue in the case.

hiring, retaining, and supervising Defendant Crawford. Specifically, Plaintiffs only allege that Defendant Cowboy USA owed a duty "to hire, retain and supervise employees and agents who are competent and/or suited for the particular employment for which they were hired" and that Defendant Cowboy USA breached that duty. (Compl. ¶¶ 16 & 17.) There are no factual allegations in these two paragraphs or anywhere else in the Complaint demonstrating or allowing for the possibility of demonstrating that Cowboy USA's conduct in hiring, retaining or supervising Defendant Crawford was malicious, wanton, or reckless. In short, Plaintiffs have not alleged a plausible inference for entitlement to punitive damages as it relates to their direct claim against Defendant Cowboy USA for negligent hiring, retaining and supervising Defendant Crawford.

### III. CONCLUSION

Upon the foregoing, Defendants' motion to dismiss (doc. no. 10) is **GRANTED IN PART** and **DENIED IN PART.** Particularly, Plaintiffs' claim for attorney's fees and litigation expenses (Count VI) and Plaintiffs' claim for punitive damages against Defendant Cowboy USA as it relates to the claim of negligent hiring, retention and supervision are dismissed. Plaintiffs' claim for punitive damages may stand as it relates to the conduct of Defendant Crawford in causing the motor vehicle accident (as

6

well as the *respondeat superior* claim against Defendant Cowboy USA, see <u>Johnson v. Allen</u>, 613 S.E.2d 657, 663 (Ga. Ct. App.) ("In general, an employer's *respondeat superior* liability includes liability for punitive damages if the employee's wrongful conduct was sufficient to permit such damages.")).

   **ORDER ENTERED** at Augusta, Georgia, this 4th day of January, 2021.

_____
UNITED STATES DISTRICT JUDGE